MASTIN *v.* SANDY & BEAVER INSURANCE CO. ET AL.

(No. 2-1135-284 s.c.—Decided
December 2, 1983.)

Brown County Court,
Small Claims Division.

*Mr. Charles K. Mastin, pro se.*
*Mr. Carl Fetter,* for defendant.

CLARK, J. Plaintiff, Charles K. Mastin, alleges $450 is owed to him by defendants by reason of a storm which damaged his property, said storm being a covered hazard under plaintiff's insurance policy with defendant Sandy & Beaver Insurance Co., for whom defendant Carl Fetter is an agent. Fetter agrees plaintiff's loss is covered, but claims his alleged damages are unreasonable. Specifically, defendants decline to pay for the replacement of plaintiff's kitchen floor. The floor was damaged when a hole was cut in it to gain access to the plumbing system in the house. Evidently, there is no basement or crawl space otherwise accessible. It was uncontroverted that plaintiff's home was in fact damaged by the storm and that it was truly necessary to go through the kitchen floor to repair the damage. Defendants, however, wish only to pay for the floor to be patched, and not replaced. The floor is of vinyl covering such as is purchased in a roll. It is not tile.

Plaintiff's insurance agreement states defendant company is obliged to repair or replace damaged property. The court finds that vinyl flooring cannot be said to be repaired if an obvious patch is left, and that the whole floor ought to have been replaced. Presumably defendants had inspected plaintiff's premises and knew that access to the plumbing was difficult and that plaintiff's floor would be expensive to replace. Defendants were in a position to adjust plaintiff's premiums accordingly; for the defendants to allege now that plaintiff's damages are too high is not persuasive to the court. The time to adjust the premiums was before the policy was issued.

Judgment for plaintiff in the amount of $450.

*Judgment for plaintiff.*